UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

THE A STAR GROUP INC.,

               Plaintiff,

        - v -

MANITOBA HYDRO, KPMG LLP (CANADA);
KPMG LLP (US); and MANITOBA PUBLIC
UTILITIES BOARD,

               Defendants.

ECF Case

Civ. No. 13-CV-4501 (PAC)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS KPMG LLP (CANADA)
AND KPMG LLP (US)'S MOTION TO DISMISS THE COMPLAINT**

PAUL HASTINGS LLP
Daniel B. Goldman
Kevin P. Broughel
Rachel Snyder
Adam W. Braveman
75 East 55th Street
New York, NY 10022-3205
(212) 318-6000

*Attorneys for Defendants*
KPMG LLP (CANADA) &
KPMG LLP (US)

# TABLE OF CONTENTS

**Page**

ARGUMENT ................................................................................................................ 1

I.  PLAINTIFF'S COMPLAINT FAILS TO GIVE EACH DEFENDANT FAIR
NOTICE OF THE CLAIMS AS REQUIRED BY RULE 8 ........................................... 1

II.  PLAINTIFF FAILS TO MEET THE RULE 12(B)(6) PLEADING STANDARD .......... 2

    A.  Plaintiff's Misappropriation Of Trade Secrets Claim Should Be Dismissed
(Count X) ....................................................................................................... 3

    B.  Plaintiff's Claims Of Unfair Competition And Misappropriation Of
Confidential Information Are Duplicative And Deficiently Pled (Count
XI) ................................................................................................................. 6

    C.  The Tortious Interference With Contract Claim Should Be Dismissed
(Count XII) .................................................................................................... 7

    D.  No Claim In New York Exists For Aiding And Abetting Breach Of
Contract (Count IX) ...................................................................................... 8

    E.  The Complaint Should Be Dismissed On *Forum Non Conveniens* Grounds
As To KPMG Canada ..................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accurate Grading Quality Assurance, Inc. v. Thorpe*,
No. 12 Civ. 1343 ALC, 2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ..............................3, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................................3

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) ..................................................................................................1

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................................2, 3

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
559 F.3d 110 (2d Cir. 2009) .....................................................................................................3

*Ferring B.V. v. Allergan, Inc.*,
932 F.Supp.2d 493 (S.D.N.Y. 2013) .........................................................................................3

*Fisch v. New Heights Acad. Charter Sch.*,
No. 12 Civ. 2033 DLC, 2012 WL 4049959 (S.D.N.Y. Sept. 13, 2012) ...................................8

*Frith v. Hill*,
No. 07 Civ. 5899 (JSR), 2009 WL 3073716 (S.D.N.Y. Sept. 23, 2009) .................................5

*Hathaway v. Cnty. of Essex*,
No. 95-cv-0824, 1995 WL 760728 (N.D.N.Y. Dec. 19, 1995) ................................................1

*Medina v. Bauer*,
No. 02 Civ. 8837 (DC), 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) ......................................1

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
No. 91 Civ. 2923 (CSH), 1994 WL 88129 (S.D.N.Y. Mar. 15, 1994) ....................................2

*Nuevo Mundo Holdings v. PWC LLP*,
No. 03 Civ. 0613 GBD, 2004 WL 112948 (S.D.N.Y. Jan. 22 2004) .......................................2

*In re Refco Inc. Secs. Litig.*,
826 F. Supp. 2d 478 (S.D.N.Y. 2011) .......................................................................................7

*Ritani, LLC v. Aghjayan*,
880 F. Supp. 2d 425 (S.D.N.Y. 2012) .......................................................................................1

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Sharma v. Skaarup Ship Mgmt. Corp.*,
    916 F.2d 820 (2d Cir. 1990)....................................................................................8

*Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*,
    118 F.3d 955 (2d Cir. 1997)....................................................................................3

*U.S. v. Fieger*,
    No. 07-20414, 2008 WL 474084 (E.D. Mich. Feb. 19, 2008)...............................5

*Watts v. Jackson Hewitt Tax Serv. Inc.*,
    675 F. Supp. 2d 274 (E.D.N.Y. 2009) ...................................................................3

*Wolff v. Rare Medium, Inc.*,
    210 F. Supp. 2d 490 (S.D.N.Y. 2002), *aff'd*, 65 F. App'x 736 (2d Cir. 2003).........7

**Rules**

Fed. R. Civ. P. 8.............................................................................................................1, 2

Fed. R. Civ. P. 12(b)(6)......................................................................................................2

Defendants KPMG LLP (Canada) ("KPMG Canada") and KPMG LLP (US) ("KPMG US"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion to dismiss all claims asserted against KPMG Canada and KPMG US, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

### I.    PLAINTIFF'S COMPLAINT FAILS TO GIVE EACH DEFENDANT FAIR NOTICE OF THE CLAIMS AS REQUIRED BY RULE 8

Throughout the complaint, plaintiff makes sweeping references to "KPMG" without distinguishing between KPMG Canada and KPMG US.  Despite this now being plaintiff's second attempt to comply with Rule 8, the complaint fails to specify which causes of action or alleged wrongdoings apply to which KPMG entity.  Such pleadings cannot satisfy Rule 8.

"[A]t a minimum, [Rule 8 requires] that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation omitted) (affirming district court's dismissal of a complaint where plaintiff "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct").  A complaint that "lump[s]" defendants together and "fail[s] to distinguish their conduct" fails to satisfy this minimum standard.  *Medina v. Bauer*, No. 02 Civ. 8837 (DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (granting defendants' motion to dismiss for failure to state any valid claims where the allegations lumped the defendants together and failed to give adequate notice to defendants as to what they did wrong).  In other words, "allegations in a complaint must be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging."  *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 440 (S.D.N.Y. 2012).  Thus, the failure to link the allegations in the complaint to a specific defendant is fatal to a complaint.  *See Hathaway v.*

*Cnty. of Essex*, No. 95-cv-0824, 1995 WL 760728, at *3 (N.D.N.Y. Dec. 19, 1995) (granting defendants' motion to dismiss because plaintiffs "lump[ed] all of the defendants together" without specifying which allegation applied to each defendant); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *15 (S.D.N.Y. Mar. 15, 1994) ("Even Rule 8(a) pleading requires plaintiffs to identify the specific defendant charged with committing a particular predicate act, rather than collectivizing a group of defendants as plaintiffs have done here").

Plaintiff has failed to provide defendants KPMG Canada and KPMG US with "fair notice" of how each was individually involved in the wrongdoings that plaintiff alleges. Plaintiff's generalized references to "KPMG" make it impossible to determine whether plaintiff intended to assert each cause of action and allegation of wrongdoing against one KPMG entity or both. The complaint improperly forces defendants to engage in a guessing game to decipher which allegations of wrongdoing apply to which entity. Defendants cannot properly defend themselves from the allegations pitted collectively against "KPMG." Having failed to meet even the minimal requirements of Rule 8, plaintiff's complaint must be dismissed.[1]

## II.   PLAINTIFF FAILS TO MEET THE RULE 12(B)(6) PLEADING STANDARD

Plaintiff's complaint also fails to meet the requirements of Rule 12(b)(6). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] Plaintiff conceded, as it must, in its pre-motion conference letter to the Court that, "the question is not...whether one office [of the KPMG firms] controlled the other in this case." *See, e.g., Nuevo Mundo Holdings v. PWC LLP*, No. 03 Civ. 0613 GBD, 2004 WL 112948, at *3 (S.D.N.Y. Jan. 22 2004).

(2007).  Accordingly, the plaintiff must "identify[] facts that are suggestive enough to render [the claim] plausible."  *Id.*  If the allegations of a complaint show that the complained-of conduct was "not only compatible with, but indeed was more likely explained by lawful" conduct, no claim for relief is stated.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).[2]

Each of plaintiff's claims against KPMG Canada and KPMG US should be dismissed.

### A.    Plaintiff's Misappropriation Of Trade Secrets Claim Should Be Dismissed (Count X)

Plaintiff's trade secret claim is defective.  A plaintiff claiming misappropriation of a trade secret must allege that:  (1) it possessed a trade secret[3], and (2) that the defendant is using that trade secret in breach of an agreement, confidence, or duty, or as a result of discovery by improper means.  *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009).  "Improper means" encompasses conduct equivalent to "industrial espionage" such as burglary, wiretapping or bribery.  *Watts v. Jackson Hewitt Tax Serv. Inc.*, 675 F. Supp. 2d 274, 280 (E.D.N.Y. 2009) (dismissing misappropriation claim where no allegations that trade secrets were obtained through improper means); *see also Ferring B.V. v. Allergan, Inc.*, 932 F.Supp.2d 493, 509-10 (S.D.N.Y. 2013) (dismissing misappropriation claim where parties' relationship did not create any agreement, confidential relationship or duty, and where "abuse[] of the civil discovery process" did not constitute "discovery by improper means").

Here, plaintiff has not alleged that KPMG Canada or KPMG US had an agreement or

---

[2] *See also Accurate Grading Quality Assurance, Inc. v. Thorpe*, No. 12 Civ. 1343 ALC, 2013 WL 1234836, at *6 (S.D.N.Y. Mar. 26, 2013) ("In considering a motion to dismiss, the Court may consider documents attached as an exhibit thereto or incorporated by reference, documents that are 'integral' to plaintiff's claims, even if not explicitly incorporated by reference, and matters of which judicial notice may be taken." (citation omitted)).

[3] "[A] trade secret is any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 968 (2d Cir. 1997) (citation omitted).  A trade secret "is not simply information as to single or ephemeral events in the conduct of the business; rather, it is a process or device for continuous use in the operation of the business."  *Id.* (citation omitted).

duty running to plaintiff, and indeed, no agreement or duty existed.  Moreover, any information relating to plaintiff that KPMG Canada or KPMG US acquired was not procured through improper means; rather, it was obtained through the terms of a lawful retention agreement between Manitoba Hydro ("Hydro") and KPMG Canada and in accordance with the terms of the Master Services Agreement ("MSA") between the plaintiff and Hydro.

After the consultancy between plaintiff and Hydro terminated, Hydro retained KPMG Canada to act as its "agent" in connection with "Section 5.7 of the MSA, which provides in relevant part that 'Hydro shall review, read, approve and validate all Services provided by [plaintiff].'"  Engagement Letter between Hydro and KPMG Canada, dated December 15, 2009, attached as Ex. 1 to the Declaration of Daniel B. Goldman ("Goldman Decl."), dated November 22, 2013, submitted herewith; *see also* MSA § 5.7, attached as Ex. 2 to the Goldman Decl. KPMG Canada agreed that it "will not use the information it receives in connection with this Engagement for any purpose other than the review and validation referred to in Section 5.7 of the MSA."  Goldman Decl., Ex. 1 at 2.  Under Section 8.1 of the MSA, KPMG Canada, as Hydro's agent, was entitled to review any "Confidential Information," as defined, that plaintiff disclosed to Hydro for the purposes of "implementing" the MSA.  Goldman Decl., Ex. 2.  Indeed, plaintiff has admitted that KPMG Canada was Hydro's agent, as plaintiff alleges such agency as a basis for personal jurisdiction over KPMG Canada.  Complaint ¶ 37.  Consistent with the MSA, KPMG Canada lawfully reviewed documentation relating to plaintiff's consultancy with Hydro.[4] This does not constitute "discovery by improper means."

Plaintiff has also failed to allege that KPMG Canada or KPMG US used any of plaintiff's

---

[4]  As Hydro underscores in its memorandum of law, there is an additional reason why KPMG Canada lawfully obtained plaintiff's reports.  Under § 9.1 of the MSA, Hydro retained "ownership of … results that are solely specific to Hydro's book or portfolio, and business recommendations, that are also all specific to Hydro and submitted as work product pursuant to this Agreement…"

trade secrets.  Indeed, they never possessed any of plaintiff's trade secrets.  While plaintiff alleges that KPMG Canada and/or KPMG US stole plaintiff's "Timetrics" software and/or code, KPMG Canada's reports, which list in exhaustive detail all materials consulted by KPMG Canada during its retention by Hydro, do not so much as mention plaintiff's software.  KPMG Canada Report, Appendix C, attached as Ex. 3 to the Goldman Decl.[5]  With regard to plaintiff, what KPMG Canada principally reviewed were certain reports drafted by plaintiff for Hydro and responses by Hydro to those reports.  *Id.*  Yet, as defendant Public Utilities Board of Manitoba (the "PUB") found, plaintiff's reports "do not contain formulae, any detailed explanation of [plaintiff's] methodology, nor any software or hard copy data respecting software details or outputs."  Risk Reports Redaction Order, Order No. 95/10, September 20, 2010, at 39, attached as Ex. 5 to the Goldman Decl.[6]

Moreover, while plaintiff quotes excerpts from KPMG Canada's report as alleged evidence of "reverse engineering," these passages actually establish, as PUB found, that plaintiff's reports do not contain "formulae" or "any detailed explanation of [plaintiff's]

---

[5] In fact, plaintiff admitted during an interview on a public radio show, *The Great Canadian Talk Show*, that KPMG Canada (or KPMG US) never had access to plaintiff's software.  Due to plaintiff's request that her name be kept confidential, she is described throughout the radio show transcript as "Miss Whistle," or as the "New York consultant, turned whistleblower" against Hydro.  Transcript of KICK-FM Radio Show, dated April 1, 2010, Clip No. 12617440, at 1, attached as Ex. 4 to the Goldman Decl.

| | |
|---|---|
| Gold: | . . . [T]he whole argument in terms of the, the, the court suit against you, is to have the court sanction Hydro giving over your proprietary software to KPMG. |
| "Miss Whistle": | Yeah.  Well, let me just be clear, I mean, the software . . . *They don't have the software. . . .* |

*Id.* at 14-15 (emphasis added).  *See* Goldman Decl., Ex. 4. The Court may take judicial notice of plaintiff's admission made during the interview on the public radio show.  *See U.S. v. Fieger*, No. 07-20414, 2008 WL 474084, at *4 (E.D. Mich. Feb. 19, 2008) ("The Court takes judicial notice that radio station WWJ-950 is a local Detroit station.  In an interview on that station Defendant Fieger stated that the investigation of him was 'clearly' political and 'centers around [his] political activities as Democrat.'").

[6] Here, "[j]udicial notice may be taken of 'the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority.'  *Frith v. Hill*, No. 07 Civ. 5899 (JSR), 2009 WL 3073716, at *16 n.10 (S.D.N.Y. Sept. 23, 2009) (internal quotation marks and citations omitted).

methodology." For example, plaintiff quotes a line from page 78 of the KPMG Canada report, which states "[b]ased on a number of simplifying assumptions, we could produce an estimate of earnings uncertainty as a result of uncertainty in water flow data that is similar to that reported by [plaintiff]." Complaint ¶ 214. For good reason, plaintiff chose not to quote the next line of the report, which states, "[w]e do not know, however, if the approach that we used was similar to that used by [plaintiff]." KPMG Canada Report at 78, attached as Ex. 6 to the Goldman Decl. Plaintiff also quotes a line from page 82 of the report, which further demonstrates that plaintiff's reports did not disclose methodologies: "We have not been able to duplicate the [plaintiff's] exact calculation . . ." Complaint ¶ 214. Indeed, according to plaintiff, because "KPMG" did not consult with plaintiff, "KPMG" could "in no way get to the bottom of what was really raised [by plaintiff's reports]." Manitoba PUB Pre-hearing Conference Transcript, dated March 12, 2010, at 38:2-8, attached as Ex. 7 to the Goldman Decl.

Plaintiff's allegations that KPMG Canada and/or KPMG US misappropriated plaintiff's trade secrets are not "plausible" and they are more "likely explained by lawful conduct." The trade secret claim should be dismissed.

**B.** **Plaintiff's Claims Of Unfair Competition And Misappropriation Of Confidential Information Are Duplicative And Deficiently Pled (Count XI)**

Plaintiff's unfair competition and misappropriation of confidential information claim against KPMG Canada and/or KPMG US is wholly duplicative of its misappropriation of trade secrets claim, and it should be dismissed. It is unclear exactly what the plaintiff is pleading, as there is no cause of action in New York for misappropriation of confidential information. That information may be confidential is merely one indicia of a trade secret. *See* footnote 3, *supra*. In any event, plaintiff's unfair competition claim must also fail. *See, e.g., Accurate Grading Quality Assurance*, 2013 WL 1234836, at *9 ("An unfair competition claim rises and falls with a

claim of misappropriation of trade secrets").

### C.  The Tortious Interference With Contract Claim Should Be Dismissed (Count XII)

Under New York law, a tortious interference with contract claim requires that the defendant intentionally induced the third party to breach the contract and that the third party's breach was caused by the defendant.  *Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 497-98 (S.D.N.Y. 2002), *aff'd*, 65 F. App'x 736 (2d Cir. 2003); *see also In re Refco Inc. Secs. Litig.*, 826 F. Supp. 2d 478, 521 (S.D.N.Y. 2011).  Plaintiff's complaint fails to plead adequately these required elements.

The case of *In re Refco Inc.* is particularly instructive on this point.  In *Refco*, the court granted defendants' motion to dismiss a claim of tortious interference with contract because the plaintiffs failed to show that the defendants had intended to interfere with the contract.  826 F. Supp. 2d at 521-22.  The court observed that "[w]hatever the Defendants might have intended by their alleged wrongs, their goal was not to cause a breach of [contract] . . . [a]t best any breach of the terms of the [contract] was a collateral effect . . ."  *Id*. at 521. Moreover, the court noted that a tortious interference claim is not recognized "simply because a defendant engaged in wrongful conduct that had the effect of impairing a plaintiff's contract"; rather, the plaintiff must show an "intentional inducement of the breach."  *Id*.

Here, it was Hydro that retained KPMG pursuant to the Retainer Letter.  There are no allegations, nor could there be, that somehow KPMG induced Hydro to enter into the Retainer Letter.  Moreover, as established previously, *see* p. 4, *supra*, Hydro retained KPMG Canada as its "agent" to "review, read, approve and validate all Services provided by Plaintiff" pursuant to Section 5.7 of the MSA.  Not only was KPMG Canada's goal not to cause a breach of contract, but, at bottom, there was no breach of contract.  Plaintiff's tortious interference claim must

necessarily fail.

Plaintiff also fails to allege that "KPMG" caused the alleged breach.  The plaintiff "must allege that there would not have been a breach but for the activities of the defendants." *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990) (affirming the district court's dismissal of plaintiffs' tortious interference claim because plaintiffs' allegations are "incompatible with an allegation of 'but for' cause" as to the breach of the contract) (citations omitted)).  Had Hydro not retained KPMG Canada, it simply would have employed a different consulting firm.  *See* Complaint ¶ 160 (noting that Hydro attempted to hire ICF to analyze its practices prior to its engagement of KPMG).

**D.**    **No Claim In New York Exists For Aiding And Abetting Breach Of Contract (Count IX)**

Plaintiff's allegation that "KPMG" aided and abetted breach of contract also fails to state a claim upon which relief can be granted.  Under New York law "there is no cause of action for aiding and abetting breach of contract." *Fisch v. New Heights Acad. Charter Sch.*, No. 12 Civ. 2033 DLC, 2012 WL 4049959, at *7 (S.D.N.Y. Sept. 13, 2012) (granting defendants' motion to dismiss plaintiff's aiding and abetting breach of contract claim because the cause of action does not exist under New York law) (citing *Purvi Enters., LLC v. City of New York*, 62 A.D.3d 508, 509, 879 N.Y.S.2d 410, 412 (1st Dep't 2009)).

**E.**    **The Complaint Should Be Dismissed On *Forum Non Conveniens* Grounds As To KPMG Canada**

KPMG Canada joins in the argument of the PUB to dismiss the Complaint on *Forum Non Conveniens* grounds.

KPMG Canada and KPMG US also join in Hydro's motion to dismiss the copyright cause of action and the arguments of Hydro and the PUB on collateral estoppel.

Dated:  November 22, 2013   Respectfully submitted,

            PAUL HASTINGS LLP


          By:  /s/ Daniel B. Goldman
            Daniel B. Goldman
            Kevin P. Broughel
            Rachel Snyder
            Adam Braveman

            Paul Hastings LLP
            75 East 55th Street
            New York, NY 10022
            Telephone:  (212) 318-6000
            Facsimile:  (212) 319-4090
            dangoldman@paulhastings.com

            *Attorneys for Defendants*
            KPMG LLP (Canada) and KPMG LLP (US)