**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE A STAR GROUP, LLC,

                 Plaintiff,

       v.

MANITOBA HYDRO; KPMG LLP
(CANADA); KPMG LLP (US); and
MANITOBA PUBLIC UTILITIES BOARD,

              Defendants.

Case No. 13-cv-4501 (PAC)

**Oral Argument Requested**

**ECF CASE**

# EXHIBIT D

*to the*

**DECLARATION OF KENNETH E. LEE IN SUPPORT OF DEFENDANT**
**THE PUBLIC UTILITIES BOARD OF MANITOBA'S MOTION TO**
**<u>DISMISS THE COMPLAINT AND STRIKE THE DEMAND FOR A JURY TRIAL</u>**

**THE PUBLIC UTILITIES BOARD**

**RULES OF PRACTICE AND PROCEDURE**

**<u>Title</u>**

1.      These Rules may be cited as the Rules of Practice.

**<u>Definition</u>**

2.      In these Rules:

a)      "ACT" means *The Public Utilities Board Act*, R.S.M. 1987 Chapter P 280 as amended from time to time;

b)      "AFFIDAVIT" means either a sworn or affirmed statement of facts, based on personal knowledge or on information and belief, and in writing, made voluntarily before an officer having authority to administer such oath or affirmation;

c)      "APPLICANT" means a party who has filed an application with the Board under the Act or its Regulations;

d)      "APPLICATION" means a written request to the Board to exercise its statutory power in respect of matters referred to in the application;

e)      "BOARD" means The Public Utilities Board and where the context requires, includes a panel of the Board;

f)      "COMPLAINT" means a written request to the Board to exercise its statutory power in respect of matters referred to in the complaint;

g)      "DOCUMENTS" include written documentation, films, photographs, charts, maps, graphs, plans, surveys, books of account, transcripts, videotapes, audio tapes, and information stored by means of an electronic storage and retrieval system;

h)      "ELECTRONIC HEARING" means a hearing held by conference telephone or some other form of electronic technology allowing persons to communicate with one another;

i)      "HEARING" means a proceeding before the Board wherein a party or parties provide submissions to the Board which submissions may, in the Board's

## Confidentiality

13.    (1)    Where, a document is filed with the Board by a party in relation to any proceeding, the Board shall, subject to subsection (2), place the document on the public record.

    (2)    The Board may receive information in confidence on any terms it considers appropriate in the public interest,

        a)    if the Board is of the opinion that disclosure of the information could reasonably be expected

            (i)    to result in undue financial loss or gain to a person directly or indirectly  affected by the proceeding; or

            (ii)    to harm significantly that person's competitive position.

        or

        b)    if

            (i)    the information is personal, financial, commercial, scientific or technical in nature; or

            (ii)    the information has been consistently treated as confidential by a person directly affected by the proceeding; and

            (iii)    the Board considers that the person's interest in confidentiality outweighs the public interest in the disclosure of the information.

    (3)    Where disclosure of any document is refused due to a claim for confidentiality and a claim for public disclosure of such documents has been made, the Board shall hear such claim on a motion made under Rule 22, and may

        a)    order the document be placed on the public record, subject to Subsection13(5);

        b)    order the document not be placed on the public record, with such conditions on access imposed as the Board considers appropriate;

        c)    order an abridged version of the document to be placed on the public record; or

          d)      make any other order the Board finds to be in the public interest.

(4)      For purposes of hearing a motion in respect of a disputed claim under Subsection (3), the Board may examine the document or other evidence in question to ascertain whether or not the claim for confidentiality or the claim for public disclosure will be sustained.

(5)      Where the Board has decided to place on the public record any part of a document that was filed in confidence in accordance with Subsection 13(2) and 13(3), the party who filed the document shall be given an opportunity to request that it be withdrawn prior to its placement on the public record.

**Information Requests**

14.    (1)      Where, in any proceeding, the Board permits information requests to be directed to a party for the purpose of a satisfactory understanding of the matters to be considered, such information requests shall be identified by the inquiring party's designated prefix and be:

          a)      addressed to the party from whom the response is sought;

          b)      numbered consecutively in respect of each item of information requested;

          c)      relevant to the proceeding; and

          d)      served, where the Board has directed a time limit, within the time limit directed by the Board.

(2)      A copy of any information request directed to a party pursuant to Subsection (1) shall be filed with the Secretary and served on all interested parties to the proceeding.

**Response to Information Requests**

15.    (1)      Subject to Subsection (2), where an information request has been directed to a party and served on that party in accordance with the Board's directions, the party shall:

          a)      provide a full and adequate response to each information request on a separate page or pages, or, by agreement between the parties by electronic means; and