

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104

Robert J. Alessi
Robert.alessi@dlapiper.com
T  212.335.4866,  F  518.935.9767

Michael R. Hepworth
Michael.hepworth@dlapiper.com
T  212.335.4906,  F  212.335-4501

*Via ECF*                                                   December 20, 2013

The Honorable Paul A. Crotty
United States District Court, Southern District of New York
500 Pearl Street
New York, NY  10007

      Re:  *The A Star Group Inc. v. Manitoba Hydro, et al.*, 13-CV-4501 (PAC), S.D.N.Y.

Dear Judge Crotty:

      We represent Defendant Manitoba Hydro and write on behalf of all four Defendants—Manitoba Hydro, KPMG LLP (Canada), KPMG LLP (US), and The Public Utilities Board of Manitoba ("PUB")—in response to the letter to the Court dated December 18, 2013, from Stone & Magnanini LLP, counsel for Plaintiff The A Star Group Inc. ("AStar"), requesting a pre-motion conference on their proposed motion to withdraw as Plaintiff's counsel.

      Defendants do not oppose withdrawal provided that proper cause is shown and provided that Defendants' rights are not prejudiced on the pending motion to dismiss.

      The Court has so-ordered a stipulated briefing schedule for the motion to dismiss, and under that schedule Defendants devoted substantial time and expense preparing motion papers that were filed on November 22, 2013. Defendants' motion papers include, among other things, a request for fees under 17 U.S.C. § 505 for that part of the motion that requests dismissal of AStar's meritless copyright claim. PUB's papers on the motion to dismiss explain the lack of subject matter jurisdiction for the claims asserted against PUB. AStar's opposition, if any, to the motion to dismiss is due January 17, 2014.

      In light of the history of this litigation, Defendants request that if the Court grants the motion to withdraw then it should take reasonable steps to prevent further delay of the pending motion to dismiss. This is AStar's second complaint against the same Defendants in the same Court asserting the same claims, and it is the second time that AStar's counsel has had to seek Court approval to withdraw rather than respond to a motion to dismiss. (*See* the first action, *The A Star Group, Inc. v. Manitoba Hydro, et al.*, 12-cv-08198 (PAC), S.D.N.Y.) AStar's initial 318-page complaint was dismissed by this Court *sua sponte* under Rule 8, with leave to re-file within four months. (*Id.* Docket Nos. 9, 32.) After recruiting new counsel, AStar filed another deficient Complaint. Now AStar seeks a further delay in the proceedings to obtain a *third* representation. This should be AStar's final substitution of counsel. *See Wilson v. Pasquale's DeMarino's, Inc.*, No. 10 Civ. 2709, 2013 WL 1195603, at *2 (S.D.N.Y. Mar. 25, 2013)

The Hon. Paul A. Crotty
December 20, 2013
Page Two

(warning that the Court "would tolerate no more substitutions of counsel" or "any further delay in this case" where the defendant had twice substituted counsel and "lost a year" in the process).

Defendants therefore respectfully request that if this Court grants the motion to withdraw, then the Court order that (a) AStar shall appear by new counsel within thirty days after the Court's order granting the motion to withdraw; (b) new counsel for AStar shall file AStar's opposition (if any) to the motion to dismiss within thirty days after appearing; and (c) if AStar fails to meet these dates, then the Complaint will be dismissed with prejudice. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, at *3 (S.D.N.Y. Feb. 17, 2011); *U.S. v. Lawrence Aviation Indus.*, No. CV 06-4818, 2011 WL 601415, at *2 (E.D.N.Y. Feb. 11, 2011) (finding that claimants must appear by replacement counsel within thirty days or they "will be considered to be in default"); *Century Jets Aviation, LLC v. Alchemist Jet Air, LLC*, Nos. 08 Civ. 9892, 09 Civ. 7659, 2009 WL 4035642, at *3 (S.D.N.Y. Nov. 23, 2009) (ordering corporation to "appear represented by [replacement] counsel within thirty days" or "be subject to the entry of default judgment"). Defendants also request that if the Complaint is dismissed the Court award costs and reasonable attorneys' fees incurred in moving to dismiss the copyright claim as provided by 17 U.S.C. § 505 or as otherwise just and appropriate. *See* Manitoba Hydro's Memorandum of Law in Support of Motion to Dismiss the Complaint, filed Nov. 22, 2013, at 6-7; *see also, e.g., Agee v. Paramount Commc'ns, Inc.*, 869 F. Supp. 209, 212-213 (S.D.N.Y. 1995) (awarding costs and fees under copyright statute and also for vexatious litigation strategy and bad faith).

Respectfully submitted,

DLA PIPER LLP (US)

*Michael Hepworth*

Robert J. Alessi
Michael R. Hepworth
*Attorneys for Defendant Manitoba Hydro*

LEVINE LEE LLP

*Kenneth Lee* (by MRH with consent)

Kenneth E. Lee
*Attorneys for Defendant
The Public Utilities Board of Manitoba*

PAUL HASTINGS LLP

*Daniel Goldman* (by MRH with consent)

Daniel B. Goldman
*Attorneys for Defendants
KPMG LLP (Canada) & KPMG LLP (US)*