UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE A STAR GROUP INC.,<br><br>      Plaintiff,<br><br>    - against -<br><br>MANITOBA HYDRO, KPMG LLP (CANADA);<br>KPMG LLP (US); and MANITOBA PUBLIC<br>UTILITIES BOARD,<br><br>      Defendants. | Civ. No. 13-CV-4501 (PAC) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS KPMG LLP
(CANADA) AND KPMG LLP (US)'S MOTION TO DISMISS THE COMPLAINT**

PAUL HASTINGS LLP
Daniel B. Goldman
Kevin P. Broughel
Rachel L. Snyder
Adam W. Braveman
75 East 55th Street
New York, NY 10022-3205
(212) 318-6000

*Attorneys for Defendants*
KPMG LLP (CANADA) &
KPMG LLP (US)

**TABLE OF CONTENTS**

**Page**

ARGUMENT ........................................................................................................................... 1

I. PLAINTIFF FAILS TO GIVE EACH DEFENDANT FAIR NOTICE OF THE CLAIMS AS REQUIRED BY RULE 8 .............................................................................. 1

II. PLAINTIFF'S MISAPPROPRIATION OF TRADE SECRETS CLAIM SHOULD BE DISMISSED (COUNT X) ............................................................................ 2

III. PLAINTIFF'S UNFAIR COMPETITION AND MISAPPROPRIATION OF CONFIDENTIAL INFORMATION CLAIMS SHOULD BE DISMISSED (COUNT XI) ..................................................................................................................... 3

IV. PLAINTIFF'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM SHOULD BE DISMISSED (COUNT XII) .......................................................................... 4

Case 1:13-cv-04501-PAC   Document 58   Filed 03/28/14   Page 2 of 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Accurate Grading Quality Assurance, Inc. v. Thorpe*,
 No. 12 Civ. 1343, 2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ............................................4

*Balance Point Divorce Funding, LLC v. Scrantom*,
 2013 U.S. Dist. LEXIS 152334 (S.D.N.Y. Oct. 21, 2013) ......................................................2

*Fisch v. New Heights Acad. Charter Sch.*,
 No. 12 Civ. 2033 (DLC), 2012 WL 4049959 (S.D.N.Y. Sept. 13, 2012) ................................4

*Friedman v. Wahrsager*,
 848 F. Supp. 2d 278 (E.D.N.Y. 2012) ....................................................................................4

*In re Polaroid ERISA Litig.*,
 362 F. Supp. 2d 461, 471 (S.D.N.Y. 2005) .............................................................................1

*Kewanee Oil Co. v. Bicron Corp.*,
 416 U.S. 470 (1974) ................................................................................................................2

*N. Shipping Funds I, L.L.C. v. Icon Capital Corp.*,
 2013 U.S. Dist. LEXIS 55802 (S.D.N.Y. Apr. 12, 2013) .......................................................4

*In re Refco Inc. Secs. Litig.*,
 826 F. Supp. 2d 478 (S.D.N.Y. 2011) .....................................................................................4

*Ritani, LLC v. Aghjayan*,
 880 F. Supp. 2d 425 (S.D.N.Y. 2012) .....................................................................................3

*Watts v. Jackson Hewitt Tax Serv. Inc.*,
 675 F. Supp. 2d 274 (E.D.N.Y. 2009) ....................................................................................2

*Wright v. Ernst & Young LLP*,
 152 F.3d 169 (2d Cir. 1998) ....................................................................................................3

*Wynder v. McMahon*,
 360 F.3d 73 (2d Cir. 2004) ......................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................1

Defendants KPMG LLP (CANADA) ("KPMG Canada") and KPMG LLP (US) ("KPMG US") respectfully submit this reply memorandum of law in support of their motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).[1]

## ARGUMENT

I. **PLAINTIFF FAILS TO GIVE EACH DEFENDANT FAIR NOTICE OF THE CLAIMS AS REQUIRED BY RULE 8**

Leaving aside momentarily the irony that plaintiff continues to inappropriately lump KPMG Canada and KPMG US together throughout most of its arguments in the opposition brief, plaintiff attempts to rehabilitate the deficiencies of the complaint by conjuring up distinctions between the conduct of KPMG Canada and KPMG US that are notably absent from the complaint itself. Thus, the brief states (twice) that "the Complaint is clear that KPMG Canada was the entity engaged by Hydro and that it obtained Plaintiff's Proprietary Information through that engagement, while KPMG US is the entity that assisted KPMG in its analysis of Plaintiff's Proprietary Information." Opp. at 31. But the complaint never states that. In fact, beyond introductory paragraphs that identify the parties and assert jurisdiction, the complaint is entirely devoid of any effort to distinguish the actions of these two separate business entities. (Complaint Preamble and ¶¶ 23, 24, 37, 38, 42). The remaining pages of the complaint make ambiguous (and often conclusory) allegations about "KPMG" without even attempting to allege what was done by KPMG Canada and what was done by KPMG US.[2] Rule 8(a) requires more.

---

[1] Because of the clear connection plaintiff's claims and the parties have with Manitoba, Canada, and the argument set forth in KPMG Canada and KPMG US's moving brief, the causes of action against KPMG Canada should be dismissed for the additional reason of *forum non conveniens*.

[2] This is not a case like *In re Polaroid ERISA Litigation*, where Polaroid's officers and directors were accused of essentially identical breaches of their fiduciary duties under ERISA and the court stated that it was not necessary to identify each of the defendants by name when the complaint made allegations that applied equally to all of them. 362 F. Supp. 2d 461, 471 (S.D.N.Y. 2005). Nor is this akin to *Wynder v. McMahon*, where the court noted that each of the defendants was explicitly tied to one or more of the plaintiff's allegations of misconduct, and that the

II.  PLAINTIFF'S MISAPPROPRIATION OF TRADE SECRETS CLAIM SHOULD BE DISMISSED (COUNT X)

At best, plaintiff's claim that it satisfied both the "improper means" and "use" elements of its misappropriation of trade secrets cause of action is a stretch.  "Improper means" has been described by the Supreme Court, as well as courts within this Circuit, as "theft, wiretapping, or even aerial reconnaissance."  *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 476 (1974); *see also Watts v. Jackson Hewitt Tax Serv. Inc.*, 675 F. Supp. 2d 274, 280 (E.D.N.Y. 2009).  Plaintiff's complaint has no such allegations.

Plaintiff argues that a lesser standard for "improper means" applies.[3]  Even if the Court were to adopt this standard (which it should not), plaintiff does not sufficiently allege that KPMG Canada and KPMG US's conduct fell below the standard of commercial morality and reasonable conduct.  Rather the opposition makes plain that "KPMG's" conduct was reasonable.  In its opposition, plaintiff now explicitly admits the existence of "KPMG's agency relationship with Hydro."  Opp. at 24, n.22.[4]  As such, under section 8.1 of the MSA, Hydro was legally entitled to disclose plaintiff's "Confidential Information" to "KPMG," as Hydro's agent, to "implement the MSA."  In particular, KPMG Canada and, to the extent applicable, KPMG US could assist Hydro under section 5.7 of the MSA "to review, read, approve and validate all

---

defendants had not even suggested that the complaint failed to give them notice of the substance of the claims.  360 F.3d 73, 80 (2d Cir. 2004).

[3] Plaintiff contends that improper means are generally "means which fall below the generally accepted standards of commercial morality and reasonable conduct."  Opp. at 24.  Yet plaintiff's reliance on *Balance Point Divorce Funding, LLC v. Scrantom*, 2013 U.S. Dist. LEXIS 152334 (S.D.N.Y. Oct. 21, 2013) is misguided.  In that case, the defendant pressured another party to breach an agreement with defendant's competitor so the defendant could gain access to the trade secrets at issue.  *Id.* at *6-8.  Here, in contrast, KPMG Canada lawfully obtained the information relating to plaintiff's consultancy through its agency relationship with Hydro.  Additionally, the defendant in *Balance Point* did not challenge that the material at issue constituted a trade secret or that he possessed the trade secret.

[4] KPMG's second engagement letter with Hydro superseded and replaced in its entirety the earlier engagement.  The second engagement letter states KPMG was acting as Hydro's agent, which Plaintiff acknowledges in its opposition brief.  Goldman Decl. Ex. 1.

2

services provided by [plaintiff]." Neither KPMG Canada nor KPMG US discovered information relating to plaintiff's consultancy through improper means.[5]

Plaintiff's allegations and arguments that KPMG Canada or KPMG US used plaintiff's trade secrets are conclusory and implausible. By plaintiff's own admission, KPMG Canada (and US) never possessed plaintiff's software. Goldman Decl. Exs. 3, 4. Plaintiff's consultancy reports are devoid of "formulae [or] any detailed explanation of [plaintiff's] methodology." Goldman Dec. Ex. 5. Indeed, KPMG Canada concluded in its report that "[w]e do not know [ ] if the approach that we used was similar to that used by [plaintiff]." Goldman Decl. Ex. 6. In short, KPMG Canada and KPMG US could not have used what they never had. Further to that end, conspicuously absent from the complaint and opposition brief are any allegations of how and where KPMG Canada and KPMG US used plaintiff's proprietary information in derivative works for their financial benefit. The motion should be granted. *See, e.g., Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 451 (S.D.N.Y. 2012) (granting motion to dismiss because the complaint "fails to set forth any allegations as to the use of the alleged trade secrets").[6]

III.     <u>PLAINTIFF'S UNFAIR COMPETITION AND MISAPPROPRIATION OF CONFIDENTIAL INFORMATION CLAIMS SHOULD BE DISMISSED (COUNT XI)</u>

Plaintiff does not contest that there is no cause of action in New York for misappropriation of confidential information. Opp. at 26-27. With respect to the unfair competition claim, plaintiff's own authority makes clear that "[w]here [unfair competition and

---

[5] Plaintiff's contention that, "KPMG's agency relationship with Hydro makes KPMG equally liable for Hydro's breach of contract and that the analysis is therefore the same for KPMG's liability as it is for Hydro's" is nonsensical and improper. Opp. at 24 n.22. There are no allegations in the complaint that either KPMG defendant assumed such sweeping liability or that such defendants are liable to plaintiff under a breach of contract theory. *See* Complaint; *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (a party may not add a new claim for relief in its motion papers or briefs).

[6] Plaintiff repeatedly argues that the retention agreement between Hydro and KPMG Canada allowed KPMG Canada to "compete unfairly with Plaintiff after one year." *See, e.g.*, Opp. at 27. That is wrong. KPMG agreed with Hydro that it will not "use the information it receives … for any purpose other than the review and validation referred to in Section 5.7 of the MSA." Goldman Decl. Ex. 1, at 2.

misappropriation of trade secrets] claims are duplicative of each other, courts generally consider them to be a single cause of action." *Friedman v. Wahrsager*, 848 F. Supp. 2d 278, 300 (E.D.N.Y. 2012); *see also Accurate Grading Quality Assurance, Inc. v. Thorpe*, 12 Civ. 1343, 2013 WL 1234836, at *9 (S.D.N.Y. Mar. 26, 2013). Plaintiff admits that its unfair competition claim is duplicative of its misappropriation claim, and thus it fails.[7] Opp. at 26 ("**For the same reasons** that Plaintiff states a claim for misappropriation of trade secrets against KPMG, it also states a cause of action for unfair competition against KPMG." (emphasis added)).

IV. <u>PLAINTIFF'S TORTIOUS INTERFERENCE WITH CONTRACT CLAIM SHOULD BE DISMISSED (COUNT XII)</u>

With respect to its tortious interference with contract claim, plaintiff fails to plead as it must, "intentional inducement." KPMG Mot. to Dismiss at 7-8. According to plaintiff, "the Complaint alleges [] obtaining Plaintiff's Proprietary Information in violation of the Agreements between Hydro and Plaintiff was a motive, and that is sufficient to plead intentional inducement." Opp. at 30. That is wrong. Plaintiff makes no attempt to address *In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478 (S.D.N.Y. 2011), which is directly on point. To survive a motion to dismiss, a plaintiff must allege that the defendant's **goal** was to cause a breach of contractual relations. *Id.* at 521. Here, Hydro lawfully retained KPMG Canada pursuant to the MSA to review and validate plaintiff's recommendations relating to Hydro's business. Goldman Decl. Ex. 1. Plaintiff has not, nor could it, allege that KPMG Canada or KPMG US's goal was to cause a breach of the MSA. The claim therefore must be dismissed. *See N. Shipping Funds I, L.L.C. v. Icon Capital Corp.*, 2013 U.S. Dist. LEXIS 55802, at *12 (S.D.N.Y. Apr. 12, 2013) (finding alleged interference merely incidental to a lawful purpose).

---

[7] Plaintiff also does not contest that no claim in New York exists for aiding and abetting breach of contract (Count IX), which also should be dismissed. *Fisch v. New Heights Acad. Charter Sch.*, No. 12 Civ. 2033 (DLC), 2012 WL 4049959, at *7 (S.D.N.Y. Sept. 13, 2012).

4

Dated:  March 28, 2014 By: /s/ Daniel B. Goldman
Daniel B. Goldman
Kevin P. Broughel
Rachel L. Snyder
Adam W. Braveman
Paul Hastings LLP
75 East 55th Street
New York, NY 10022
1(212) 318-6000

*Attorneys for Defendants*
KPMG LLP (CANADA) & KPMG LLP (US)

LEGAL_US_E # 109204448.2

5