UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE A STAR GROUP, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>MANITOBA HYDRO; KPMG LLP (CANADA); KPMG LLP (US); and MANITOBA PUBLIC UTILITIES BOARD,<br><br>    Defendants. | Case No. 13-cv-4501 (PAC)<br><br>**Oral Argument Requested**<br><br>**ECF CASE** |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE PUBLIC UTILITIES BOARD OF MANITOBA'S MOTION TO DISMISS THE COMPLAINT AND STRIKE THE DEMAND FOR A JURY TRIAL

LEVINE LEE LLP

Kenneth E. Lee
Seth L. Levine
Miriam L. Alinikoff
Jonathan S. Zelig
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
klee@levinelee.com

*Attorneys for Defendant The Public Utilities Board of Manitoba*

## TABLE OF CONTENTS

**ARGUMENT** .................................................................................................................... 1

    I.    THE PUB IS IMMUNE FROM SUIT UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT ............................................................................................ 1

        A.    The Commercial Activity Exception Does Not Apply ............................... 1

        B.    The "Narrow" Exception for Implied Waiver Does Not Apply ................. 2

        C.    The Non-Commercial Tort Exception Does Not Apply ............................ 4

    II.    COUNTS XIII, XIV AND XV ARE BARRED BY COLLATERAL ESTOPPEL ......................... 4

## TABLE OF AUTHORITIES

**CASES**

PAGE(S)

*Anglo-Iberia Underwriting Mgmt. v. Jamsostek*,
    600 F.3d 171 (2d Cir. 2010)..................................................................................................1

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................4

*Cargill Int'l A.S. v. M/T Pavel Dybenko*,
    991 F.2d 1012 (2d Cir. 1993).................................................................................................3

*Commercial Bank of Kuwait v. Rafidain Bank*,
    15 F.3d 238 (2d Cir. 1994).....................................................................................................2

*Drexel Burnham Lambert Grp. Inc. v. Comm. of Receivers for Galadari*,
    12 F.3d 317 (2d Cir. 1993).....................................................................................................3

*Faiveley Transp., Inc. v. Wabtec Corp.*,
    No. 10. Civ. 4062 (JSR), 2011 WL 1899730 (S.D.N.Y. May 13, 2011)................................4

*Gilson v. Rep. of Ireland*,
    682 F.2d 1022 (D.C. Cir. 1982).............................................................................................2

*Guevara v. Rep. of Peru*,
    468 F.3d 1289 (11th Cir. 2006) .............................................................................................2

*Hijazi v. Permanent Mission of Saudi Arabia to the United Nations*,
    689 F. Supp. 2d 669 (S.D.N.Y. 2010)....................................................................................2

*In re Terrorist Attacks on Sept. 11 2001*,
    714 F.3d 109 (2d Cir. 2013)...................................................................................................4

*Kern v. Oesterreichische Elektrizitaetswirtschaft AG*,
    178 F. Supp. 2d 367 (S.D.N.Y. 2001)....................................................................................4

*Maritime Int'l Nominees Establishment v. Rep. of Guinea*,
    693 F.2d 1094 (D.C. Cir. 1982).............................................................................................3

*Robinson v. Gov't of Malaysia*,
    269 F.3d 133 (2d Cir. 2001)...................................................................................................3

*Smith v. Socialist People's Libyan Arab Jamahiriya*,
    101 F.3d 239 (2d Cir. 1996)...............................................................................................2, 3

*U.S. Fid. and Guar. Co. v. Braspetro Oil Servs. Co.*
   No. 97 CIV. 6124 (JGK), 1999 WL 307666 (S.D.N.Y. May 17, 1999)....................................2

*Virtual Countries, Inc. v. Rep. of S. Africa,*
   300 F.3d 230 (2d Cir. 2002)..........................................................................................3

**STATUTES & RULES**

28 U.S.C. § 1605................................................................................................................4

Defendant The Public Utilities Board of Manitoba (the "PUB") respectfully submits this Reply Memorandum of Law in Support of its Motion to Dismiss the Complaint.

## ARGUMENT

### I. THE PUB IS IMMUNE FROM SUIT UNDER THE FOREIGN SOVEREIGN IMMUNITIES ACT

#### A. The Commercial Activity Exception Does Not Apply

The PUB is immune from suit in this Court under the Foreign Sovereign Immunities Act (the "FSIA") because the commercial activity exception applies only where a complaint alleges that the governmental entity acts "in the manner of a private player within the market." *Anglo-Iberia Underwriting Mgmt. v. Jamsostek*, 600 F.3d 171, 174-177 (2d Cir. 2010). Broadly misconstruing the scope of this exception, Plaintiff The AStar Group Inc. ("Plaintiff" or "A Star") contends that because the PUB allegedly remitted funds to it and sent an "agent" to New York to meet with it—all of which A Star concedes occurred in connection with its voluntary participation in the PUB's Redaction Process[1]—the PUB thereby engaged in "commercial activity." (Opp. Memo at 11-12.)[2] Even taking these allegations as true, the Complaint pleads only actions taken by the PUB solely "in its capacity" as a government regulator, "in connection with the administration" of its mandate to regulate consumer electricity rates charged by Hydro. *Jamsostek,* 600 F.3d at 178. Accordingly, the Complaint fails to allege any actions that are "commercial" under the FSIA, and the PUB is immune from this suit. *Id.*

Moreover, the cases upon which Plaintiff relies contradict its own argument. In arguing for the application of the commercial activity exception, Plaintiff cites cases involving government-owned businesses engaging as private enterprises in the market, rather than as

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the meaning ascribed to them in the PUB's Memorandum of Law in Support of its Motion to Dismiss the Complaint and Strike the Demand for a Jury Trial, filed with the Court on November 22, 2013. (ECF No. 28.)

[2] All citations to "Opp. Memo at __" refer to Plaintiff's Brief in Opposition to the Defendants' Motions To Dismiss the Complaint, filed with the Court on February 28, 2014. (ECF No. 40.)

regulators. For example, and quite unlike the case at bar, in *U.S. Fid. and Guar. Co. v. Braspetro Oil Servs. Co.,* the commercial activity exception applied where the defendant operated "in the manner of a *private player*" in the "*market*" by negotiating bonds and contracts for the purpose of constructing oil platforms. No. 97 CIV. 6124 (JGK), 1999 WL 307666, at *2, *11 (S.D.N.Y. May 17, 1999) (emphasis added).[3] By contrast, Plaintiff concedes that the PUB allegedly "retained" A Star for services "related to the PUB's review of Hydro." (Opp. Memo at 11.) Therefore, in receiving Plaintiff's information and ordering Hydro to compensate Plaintiff for participating in the Redaction Process, the PUB acted at all times as a *regulator*—not a market participant. (*See* PUB Mot. to Dismiss at 4-5.) Because all allegations in the Complaint pertain solely to conduct taken by the PUB in its role as the utilities regulator of Manitoba, none of the conduct alleged is "commercial" in nature, and the exception does not apply. *See Hijazi v. Permanent Mission of Saudi Arabia to United Nations*, 403 Fed. App'x 631, 632 (2d Cir. 2010).

### B. The "Narrow" Exception for Implied Waiver Does Not Apply

Contrary to Plaintiff's assertion that the implicit waiver exception to FSIA immunity applies anytime a foreign sovereign "contemplates the United States" as a possible forum (*see* Opp. Memo at 9), implicit waiver of sovereign immunity prior to litigation is a "narrow" exception limited to two circumstances: "where a foreign state has agreed to arbitration in another country or where a foreign state has agreed that the law of a particular country should govern a contract." *Smith v. Socialist People's Libyan Arab Jamahiriya*, 101 F.3d 239, 243 (2d Cir. 1996).[4] The Complaint does not plead either circumstance.

---

[3] Plaintiff's remaining cases are similarly inapposite. *See Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d 238, 239-42 (2d Cir. 1994) (bank engaged in "essentially private commercial activit[y]" by defaulting on commercial loan obligations); *Gilson v. Rep. of Ireland*, 682 F.2d 1022, 1024-26 (D.C. Cir. 1982) (plaintiff was allegedly "induced . . . into a commercial venture" by state-owned corporations); *Guevara v. Rep. of Peru*, 468 F.3d 1289 (11th Cir. 2006) (finding government acted outside its proper role and like a private market participant).

[4] Notably, the cases upon which Plaintiff relies all *reject* Plaintiff's expansive view of the implicit waiver exception.

A Star argues that the implied waiver exception should apply because the "Complaint alleges that the PUB bound itself to the forum selection clauses in the MSA and SLA" and "agree[d] that New York law applied." (*See* Opp. Memo at 7, 34.) Notwithstanding the fact that Plaintiff's own papers contradict these very allegations,[5] Plaintiff's arguments misleadingly overstate the Complaint, which alleges only that the PUB agreed not to "cause the violation of the terms of AStar's agreements with Hydro." (Compl. ¶ 157.) The Complaint does not allege, as Plaintiff now suggests, that the PUB "agreed" to be bound by a forum selection clause or that New York law would apply to a potential dispute with A Star.[6] Plaintiff also argues that the PUB "stated on numerous occasions" that it was subject to suit in New York. (*See* Opp. Memo at 10.) However, the Complaint contains no such statements; rather, the Complaint alleges that A Star—not the PUB—claimed that a dispute would be subject to New York jurisdiction. (*See, e.g.*, Compl. ¶¶ 201, 206, 223-24, 226-27.) As such, the Complaint fails to establish that the PUB impliedly waived its immunity, and the implicit waiver exception is not applicable.[7]

---

*See Maritime Int'l Nominees Establishment v. Rep. of Guinea*, 693 F.2d 1094, 1103-04 (D.C. Cir. 1982) (finding no waiver where sovereign had entered an agreement for arbitration that "would probably take place on United States soil"); *Smith v. Socialist People's Libyan Arab Jamahiriya*, 101 F.3d 239, 245-46 (2d Cir. 1996) (finding that Libya had not waived FSIA immunity by guaranteeing compensation to families of terrorism victims). Plaintiff mistakenly relies on *Drexel Burnham Lambert Grp. Inc. v. Comm. of Receivers for Galadari*, wherein the Second Circuit reversed a district court's finding of implicit waiver. 12 F.3d 317, 325-28 (2d Cir. 1993).

[5] Contrary to Plaintiff's assertion, the Complaint does not include an allegation that the PUB "agreed" to be subject to suit in New York, as required to satisfy the implied waiver standard in *Smith*. (Opp. Memo at 7.) Rather, the Complaint contains a single, conclusory allegation that the PUB "confirmed" that its dealings with Plaintiff would be subject to New York law and New York jurisdiction. (Compl. ¶ 41.) This conclusory allegation cannot overcome the PUB's FSIA immunity. *See Virtual Countries, Inc. v. Rep. of S. Africa*, 300 F.3d 230, 235 (2d Cir. 2002) (upholding dismissal under FSIA where jurisdictional assertions were "entirely conclusory"); *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 146 (2d Cir. 2001) (holding that plaintiffs cannot "circumvent the jurisdictional hurdle of the FSIA by inserting vague and conclusory allegations").

[6] The SLA and MLA—third-party agreements to which the PUB was not a signatory—also cannot be the basis of the implied waiver by the PUB. *See Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1017 (2d Cir. 1993) (precluding plaintiff from invoking implied waiver based upon a third-party agreement).

[7] Plaintiff's remaining allegations—that the PUB arranged funding of A Star's New York counsel and received letters from Plaintiff threatening suit in New York (*see* Opp. Memo at 10)—do not demonstrate any intent by the

3

### C. The Non-Commercial Tort Exception Does Not Apply

Plaintiff has added a new argument, also not contained in the Complaint, that the PUB waived immunity under 28 U.S.C. § 1605(a)(5)– an exception to FSIA immunity for suits pertaining to "personal injury or death, or damage to or loss of property, occurring in the United States." *Id*. Not only does the Complaint contain no allegation of personal injury, death, or damage to property occurring in the United States, but this exception also is not applicable to tort actions "related to . . . actions taken by [defendants] abroad." *In re Terrorist Attacks on Sept. 11 2001*, 714 F.3d 109, 115-17 (2d Cir. 2013).

### II.  COUNTS XIII, XIV AND XV ARE BARRED BY COLLATERAL ESTOPPEL

Plaintiff argues that the PUB Redaction Order—which determined that the Hydro and KPMG Redacted Reports did not contain any confidential information—is not entitled to collateral estoppel effect because it was the result of "an incomplete process," and because the PUB had agreed that any redactions of such reports were to be at Plaintiff's "sole discretion." (Opp. Memo at 6-7.) This argument is unavailing where the PUB Redaction Order represents a final determination on the issue of confidentiality—a determination subject to review only by the Manitoba Court of Appeal. (Lee Decl., Ex. C (PUBA) §§ 24(4), 58(1).) A Star, which abandoned its appeal of the PUB Redaction Order in the Manitoba Court of Appeal, is now barred under the doctrine of collateral estoppel from re-litigating the issue of confidentiality issue in this Court. *See Faiveley Transp. USA, Inc. v. Wabtec Corp.*, No. 10. Civ. 4062 (JSR), 2011 WL 1899730, at *6-7 (S.D.N.Y. May 13, 2011).[8]

---

PUB to submit to a foreign jurisdiction within the narrow circumstances prescribed by law. *Kern v. Oesterreichische Elektrizitaetswirtschaft AG*, 178 F. Supp. 2d 367, 374 (S.D.N.Y. 2001) (holding that implicit waiver can be found only through one of the "listed situations") (internal quotation omitted).

[8] Moreover, A Star has failed to meet its plausibility burden. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, this Court cannot draw a reasonable inference that the PUB published confidential materials of A Star, as alleged, where it has previously been determined that no such materials were published by the PUB. *Id*.

Date:   New York, New York
        March 28, 2014

**LEVINE LEE LLP**

By:   /s/ *Kenneth E. Lee*
      Kenneth E. Lee
      Seth L. Levine
      Miriam L. Alinikoff
      Jonathan S. Zelig
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 223-4400
Facsimile: (212) 223-4425
klee@levinelee.com